UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TONY LA,
        Plaintiff,

v.

USA,
        Defendant.

Case No. 5:15-cv-00824-EJD

**ORDER DENYING DEFENDANT'S §2255 MOTION**

Re: Dkt. Nos. 26, 29, 33

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 2255, Defendant Tony La ("Defendant") moves to vacate, set aside or correct his sentence. Defendant contends that his counsel rendered ineffective assistance. For the reasons set forth below, Defendant's motion is denied.

## II.    BACKGROUND

On August 22, 2013, Defendant pled guilty pursuant to a written plea agreement to one count of Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(2). In the plea agreement Defendant waived his right to appeal but reserved his right to claim ineffective assistance of counsel. Dkt. Nos. 8, 10. Defendant was thereafter sentenced to a custodial term of 72 months and five years of supervised release. Dkt. No. 17. Judgment was entered on March 5, 2014. Dkt. No. 19.

Defendant filed the instant Motion on February 23, 2015. Dk. No. 26. On April 23, 2015, the Court ordered the United States to file a response. Dkt. No. 28. Defendant filed a first amended

motion and supporting documents on June 11, 2015. Dkt. Nos. 29-31. The United States filed a response on June 19, 2015 and Defendant filed a reply on August 3, 2015. Dkt. Nos. 32, 34.

III. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside or correct a sentence by demonstrating (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack.

A. Ground One

As his first ground for relief Defendant contends that his counsel rendered ineffective assistance by failing to inform him that he had a limited amount of time to agree to the government's plea offer and that the prosecution engaged in misconduct. In his reply brief, Defendant states that he "wishes to dismiss his claims regarding the plea agreement and prosecutorial misconduct in light of other arguments raised by the Government, of which he was not previously aware." Dkt. No. 34, p. 2. Defendant asks "the court to instead focus on arguments he presented with regard to his conditions of supervised release" (*id.*), i.e. Ground Two discussed separately below. In light of Defendant's statements, Defendant's 2255 motion is denied as moot as to his first ground for relief.

B. Ground Two

As his second ground for relief Defendant contends that his counsel rendered ineffective assistance by failing to object to special condition numbers 2, 4, 6, 7, 8, 12 and 13. Defendant contends that special condition numbers 2, 12 and 13, which limit use of computers and computer-related devices, are vague and overbroad and prevent him from resuming his former occupations as an insurance agent and tax preparer. Defendant contends that special condition number 4 prohibiting possession of materials depicting and/or describing "sexually explicit conduct" without permission of the probation officer prevents Defendant from engaging in lawful activities, such as watching movies with sexually explicit content, viewing certain art exhibits and owning a

CASE NO.: 5:15-cv-00824-EJD
ORDER DENYING DEFENDANT'S §2255 MOTION

2

biology textbook. Defendant contends that special conditions 6 through 8, which generally prohibit contact with minors, unfairly restrict him from engaging in many social activities.

To establish ineffective assistance of counsel, the petitioner must first show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The question is whether counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. In addition to establishing that counsel fell below an objective standard of reasonableness, a petitioner must show prejudice. *Id.* at 687. This means that a petition must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Here, Defendant cannot establish prejudice because the court is authorized to impose special conditions of supervised release regardless of any defense counsel's objections at sentencing. *See United States v. Caccavallo*, 508 F. App'x 682, 683 (9th Cir. 2013) (holding that defendant was not prejudiced by counsel's failure to object to special conditions). Defendant also cannot establish prejudice because the special conditions that were imposed are appropriate.

Special conditions of supervised release are permissible provided that "they are reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Blinkinsop*, 606 F.3d 1110, 1119 (9th Cir. 2010) (citing *United States v. Rearden*, 349 F.3d 608, 618 (9th Cir. 2003)). Special condition numbers 2, 12 and 13 limit use of computers and the internet. They require that the defendant obtain approval from his probation officer before possessing or using a computer. The Ninth Circuit has consistently upheld these types of restrictions as a condition of supervised release for individuals convicted of child pornography offenses similar to Defendant's offense. *See, e.g.*, *United States v. Riley*, 576 F.3d 1046, 1048 (9th Cir. 2009) (affirming all conditions limiting computer usage to approved uses only); *United States v. Antelope*, 395 F.3d 1128, 1142 (9th Cir. 2005) (affirming prohibition

CASE NO.: 5:15-cv-00824-EJD
ORDER DENYING DEFENDANT'S §2255 MOTION
3

on "access to any on-line computer service"); *United States v. Rearden*, 349 F.3d 608, 621 (9th Cir. 2003) (there is "no reasonable possibility that . . . a 'computer-related device' . . . would be interpreted beyond the normal accoutrements of one's personal computer such as disks and disk drives, devices for extra storage, etc."). Furthermore, because special condition numbers 2, 12 and 13 are not outright bans on the use of computers, the instant case is distinguishable from the cases relied upon by Defendant. Unlike in *United States v. Barsumyan*, 517 F.3d 1154 (9th Cir. 2008), *United States v. Blinkinsop*, 606 F.3d 1110, 1123 (9th Cir. 2010), and *United States v. Riley*, 576 F.3d at 1048, Defendant may use a computer device as long as he obtains prior approval from his probation officer. Therefore, Defendant's challenge to special condition numbers 2, 12 and 13 fails.

The Ninth Circuit has also upheld the limitation in special condition number 4 for individuals convicted of offenses similar to Defendant's offense. *See e.g.*, *United States v. Daniels*, 541 F.3d 915, 927-28 (9th Cir. 2008) (possession of thousands of images and videos of child pornography); *Rearden*, 349 F.3d at 620 (shipping fifteen images child pornography over the internet); *see also United States v. Adams*, 343 F.3d 1024, 1034–1036 (9th Cir. 2003) (explaining that "sexually explicit conduct" as defined by 18 U.S.C. § 2256(2) is neither vague nor overbroad). Defendant's reliance on *United States v. Gnirke*, 775 F.3d 1155 (9th Cir. 2015) is misplaced. In *Gnirke*, the Ninth Circuit affirmed a condition prohibiting possession of materials depicting "sexually explicit conduct" that are deemed inappropriate by the probation officer. *Gnirke*, 775 F.3d at 1166. Therefore, defendant's challenge to special condition number 4 fails.

Finally, the Ninth Circuit has consistently upheld limitations on contact with minors such as special condition numbers 6 through 8 for individuals convicted of offenses similar to Defendant's offense. *See e.g.*, *Daniels*, 541 F.3d at 928 (upholding loitering condition nearly identical to condition 6); *United States v. Stoterau*, 524 F.3d 988, 1008 (9th Cir. 2008) (upholding interaction conditions nearly identical to conditions 7 and 8); *Rearden*, 349 F.3d at 620 (condition 6); *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir.1998) (condition 6). The theoretical possibility that special conditions 6 through 8 will prevent Defendant from associating with children he might sire

CASE NO.: 5:15-cv-00824-EJD
ORDER DENYING DEFENDANT'S §2255 MOTION
4

in the future is insufficient to establish prejudice.

IV. CONCLUSION

For the reasons set forth above, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 10, 2018

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:15-cv-00824-EJD
ORDER DENYING DEFENDANT'S §2255 MOTION
5